UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE



JOHN T. DORSEY
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 533-3169

March 20, 2025

*Plaintiff's and Defendant's counsel via CM/ECF*

    Re:  Stanziale v. Medi Biotech LLC, Adv. Proc. Nos. 18-50400 and 18-50401[1]

**Dear Counsel,**

    This letter is my ruling on *Braverman Brothers' Motions to Dismiss the Amended Complaints* (the "**Motions**"), filed by Defendant Braverman Brothers, LLC ("**Braverman**").[2] For the reasons explained below, the Motions are denied.

## Background

    Charles A. Stanziale, Jr. is the Chapter 7 Trustee ("**Trustee**") of the bankruptcy estates of Main Avenue Pharmacy, Inc. ("**Main**") and ScripsAmerica, Inc. ("**SCRC**") (collectively "**Debtors**"). Braverman is a Florida Limited Liability Company that marketed the Debtors' compounded prescription products in 2014 and 2015. The Debtors made certain payments to Braverman based on a percentage of the amount the Debtors received from pharmaceutical benefits managers ("**PBMs**"), such as Optum, Caremark, and Express Scripts.

    On September 7, 2016, SCRC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The case was converted to a Chapter 7 on February 7, 2017. On July 21, 2017, Main filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. An order for joint administration of the Debtors' cases was entered on September 15, 2017.

---

[1] The Trustee filed two separate adversary proceedings. One on behalf of ScripsAmerica, Inc., (Case No. 18-50400), and one on behalf of Main Avenue Pharmacy, Inc. (Case No. 18-50401). The allegations in the complaints against Braverman are identical, and Braverman filed identical motions to dismiss in both cases.

[2] Case No. 18-50400 Adv. D.I. 35 & 44; Case No. 18-50401 Adv. D.I. 41 & 53.

Re: <u>Stanziale v. Medi Biotech LLC</u>, Adv. Proc. Nos. 18-50400 and 18-50401
March 20, 2025 – page 2

     On April 17, 2018, the Trustee filed the adversary complaints against Braverman among others.[3] The Trustee amended his complaints on June 26, 2018.[4] The Amended Complaints seek to avoid and recover several allegedly fraudulent transfers from the Debtors to Braverman pursuant to the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act ("**DUFTA**"), and the New Jersey Uniform Fraudulent Transfer Act ("**NJUFTA**").[5] Additionally, the Amended Complaints include a claim for unjust enrichment against Braverman.[6]

     Braverman moved to dismiss all claims against it for failure to state a claim. The Trustee filed his objections to the Motions on October 29, 2018.[7] The parties declined the option to update their briefing in February of 2025.[8]

### Discussion

     A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)—made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b)—serves to test the sufficiency of the complaint, and a court's role is to determine whether the plaintiff is entitled to offer evidence in support of its claims. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000); *Paul v. Intel Corp. (in re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404, 407 (D. Del. 2007) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, a plaintiff must allege well-pleaded facts with sufficient detail to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

     The Third Circuit has adopted a two-part analysis that courts must employ when deciding a Rule 12(b)(6) motion. *Fowler*, 578 F.3d at 210. "First, the factual and legal elements of a claim should be separated" with the reviewing court accepting "all of the complaint's well-pleaded facts as true, but . . . disregard[ing] any legal conclusions." *Id.* at 210-11. Next, the reviewing court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679); *Gellert v. Coltec Indus., Inc. (In re Crucible Materials Corp.)*, Nos. 09-11582 & 11-53885, 2012 WL 5360945, at

---

[3] Case No. 18-50400 Adv. D.I. 1, and Case No. 18-50401 Adv. D.I. 1.
[4] Case No. 18-50400 Adv. D.I. 12, and Case No. 18-50401 Adv. D.I. 12. ("**Amended Complaints**").
[5] Amended Complaints, Count 2 (¶¶51-74) (avoidance of fraudulent conveyances pursuant to 11 U.S.C. § 544(b) and 6 Del. C. § 1304(a)); *id.*, Count 3 (¶¶75-83) (avoidance of fraudulent conveyances pursuant to 11 U.S.C. § 544(b) and 6 Del. C. §1305(a)); *id.*, Count 4 (¶¶84-98) (avoidance of fraudulent conveyances pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-25); *id.*, Count 5 (¶¶99-107) (avoidance of fraudulent conveyances pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-27(a)); *id.*, Count 6 (recovery of avoided transfers pursuant to 11 U.S.C. § 550).
[6] Amended Complaints, Count 8 (¶¶117-122).
[7] Trustee's Objection to Braverman Brothers' Motions to Dismiss the Amended Complaints, Case No. 18-50400 Adv. D.I. 59, and Case No. 18-50401 Adv. D.I. 59. ("**Trustee's Objection**").
[8] The parties requested at least twenty-four continuances of the pretrial conference as they tried to mediate a settlement. The mediation attempts were ultimately unsuccessful.

Case 18-50401-BLS    Doc 174    Filed 03/20/25    Page 3 of 7

Re:  Stanziale v. Medi Biotech LLC, Adv. Proc. Nos. 18-50400 and 18-50401
March 20, 2025 – page 3

*3 (Bankr. D. Del. Oct. 31, 2012). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 679. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* at 679 (internal citations omitted). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Braverman makes three arguments as to why the Complaints should be dismissed: (1) they fail to state a claim for fraudulent conveyance under the Bankruptcy Code; (2) they fail to state a claim for fraudulent conveyance under applicable state law; and (3) they fail to state a claim for unjust enrichment.

With respect to its first argument, Braverman argues that the complaints do not allege a claim under sections 544(b) and 548 of the Bankruptcy Code. Specifically, Braverman argues that the Amended Complaints do not address the value of the services it provided to the Debtors and that they do not allege that the commissions were disproportionate to like commissions paid for similar services in the marketplace; instead, Braverman argues, the Complaints contain only general statements that the payments were excessive. Additionally, Braverman argues that the Trustee's assertion that because the contract was illegal there can be no reasonably equivalent value for services is contrary to law.

Braverman cites *In re Kendall* to support its proposition that even illegal contracts can provide reasonably equivalent value.[9] But the language Braverman cites to is merely dicta; the *Kendall* court upheld the lower court's decision that the contract was valid.

Other courts have held that illegal contracts can never have reasonably equivalent value. *See, e.g.*, *Armstrong v. Collins*, 2010 WL 1141158, 2010 U.S. Dist. LEXIS 28075 (S.D.N.Y. 2010); *Tabas v. Lehman (In re Capitol Invs., Inc.)*, 473 B.R. 838, 846-47 (Bankr. S.D. Fla. 2012); *Ruffini v. Norton Law Grp. PLLC (In re Ruffini)*, 2014 WL 714732, 2014 Bankr. LEXIS 733 (Bankr. E.D.N.Y. Feb. 25, 2014). I agree with these courts. If a contract is illegal, a defendant cannot show reasonably equivalent value.

The Trustee also argues that Braverman's Motions failed to address the allegations in paragraph 30 of the Amended Complaints, which allege that the commissions earned were well above the commissions earned in the marketplace. The standard for pleading reasonably equivalent value is not stringent. *Emerald Capital Advisors v. Bayerische Moteren Werke Aktiengesellschaft (In re FAH Liquidating Corp.)*, 572 B.R. 117, 127 (Bankr. D. Del. 2017);

---

[9] Motions to Dismiss, at 4 ("The mere fact that a contract is . . . illegal does not require a finding that there was no reasonably equivalent value given for purposes of § 548(a)(1)(B).") (quoting *Kaler v. Able Debt Settlement, Inc.* (*In re Kendall*), 440 B.R. 526, 532 (B.A.P. 8th Cir. 2010)).

Case 18-50401-BLS    Doc 174    Filed 03/20/25    Page 4 of 7

Re:  Stanziale v. Medi Biotech LLC, Adv. Proc. Nos. 18-50400 and 18-50401
March 20, 2025 – page 4

*Stanziale v. Brown-Minneapolis Tank ULC, LLC (In re BMT-NW Acquisition, LLC)*, 582 B.R. 846, 848 (Bankr. D. Del. 2018).

Braverman counters that these cases cited by the Trustee are ones in which there was no value at all, but the Defendant misrepresents what these cases stand for. In *In re BMT-NW Acquisitions*, the court held the trustee had adequately pled lack of reasonably equivalent value because the trustee identified the transfer and alleged that it was for no consideration. The court cited to *In re FAH Liquidating Corp.* to support that an allegation for no consideration was enough to survive a motion to dismiss. But neither *In re FAH Liquidating Corp.* nor *In re BMT-NW Acquisitions* held that a trustee *must* allege a transfer was made for no value at all. Braverman's argument that the Trustee has not alleged there was no consideration is irrelevant, as the Third Circuit has defined reasonably equivalent value to mean an exchange in which a party gets "'roughly the value it gave'" for what it gives up. *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 631 (3d Cir. 2007) (internal citations omitted).

Even if Braverman is correct—which it is not—this does not change the analysis. The question of whether a transaction was for reasonably equivalent value is one of fact not amenable for determination on a motion to dismiss. *See In re Pennysaver USA Publ'g, LLC*, 587 B.R. 445, 458 (Bankr. D. Del. 2018) ("[D]isputes over reasonably equivalent value are not appropriate for determination on a motion to dismiss. Rather, they are issues to be addressed in the discovery process."); *see also Maxus Liquidating Trust v. YPF S.A. (In re Maxus Energy Corp.)* 641 B.R. 467, 521 (Bankr. D. Del. 2022); *Charys Liquidating Tr. v. Growth Mgmt. LLC (In re Charys Holding Co., Inc.)*, No. 08-10289, 2010 WL 2774852, 2010 Bankr. LEXIS 2073, at *7 (Bankr. D. Del. July 14, 2010). Braverman lists several specific allegations of fact[10] it argues the Trustee must include to satisfy the pleading requirements of *Twombly*, but at this stage of the proceedings, Federal Rule 8(a) only requires the Trustee to allege "that there was a transfer for less than reasonably equivalent value at a time when the Debtor[s] was insolvent." *In re FAH Liquidating Corp.*, 572 B.R. at 127 (citing *In re DVI Inc.*, 2008 WL 4239120, at*9) (Bankr. D. Del. Sept. 16, 2008).

The Trustee met his burden of pleading sufficient facts which, accepted as true, plausibly give rise to relief. In the Amended Complaints, the Trustee identifies specific commission payments, alleges that the commission rates for Braverman were between 60-70%, and alleges that such percentages were far in excess of normal or market commission percentages.[11] At this stage, this is all that is required.

---

[10] Replies at ¶¶ 6 (no allegation that the debtors were unable to turn a profit), 7 (no allegation of facts showing the value of the transaction to the debtors and the relationship to the value of the commissions).
[11] Amended Complaints at ¶¶30, 37, Exs. A-G.

Case 18-50401-BLS    Doc 174    Filed 03/20/25    Page 5 of 7

Re: Stanziale v. Medi Biotech LLC, Adv. Proc. Nos. 18-50400 and 18-50401
March 20, 2025 – page 5

Turning to the Defendant's second argument, Braverman argues that the Trustee has not alleged a claim for fraudulent conveyance under state law. The Amended Complaints allege fraudulent conveyance under Delaware and New Jersey law.[12] Braverman argues that neither DUFTA nor NJUFTA provides for extraterritorial application. Since Braverman is a Florida entity, it argues there can be no claim against it for UFTA violations under either state's law.

The Trustee responds that the transfers at issue emanated from either Delaware or New Jersey, so Delaware or New Jersey law should apply even if the transfers were received in Florida. Neither party appears to cite any relevant case law.

Under Delaware's choice-of-law rules, the law of the state with the most significant relationship to the controversy applies for fraudulent transfer claims. *Kravitz v. Samson Energy Co., LLC (In re Samson Res. Corp.)*, No. 17-51524, 2023 WL 4003815, 2023 Bankr. LEXIS 1538 (Bankr. D. Del. June 14, 2023). "[W]here [the Court] has jurisdiction and where competing laws conflict, the Court should apply the most significant relationship choice of law standard to determine which state law applies to the fraudulent transfer claim." *In re FAH Liquidating Corp.*, 572 B.R. at 129 (internal citations omitted). As the *FAH Liquidating Corp.* court explained:

> "The Restatement does not provide a general framework of the most significant relationship test for fraudulent conveyance actions as it does for tort actions or restitution actions, among other actions. See Restatement §§ 145, 221. Nonetheless, the frameworks for tort and restitution actions are similar and provide guidance here. The contacts to be considered in tort actions are: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement § 145. Similarly, the contacts to be considered in restitution actions are: "(a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship, (b) the place where the benefit or enrichment was received, (c) the place where the act conferring the benefit or enrichment was done, (d) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (e) the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment." Restatement § 221."

*Id.* at 129.

---

[12] Amended Complaints at Count 2 (¶¶51-74) (avoidance of fraudulent conveyances pursuant to 6 Del. C. § 1304(a)); *id.*, Count 3 (¶¶75-83) (avoidance of fraudulent conveyances pursuant to 6 Del. C. §1305(a)); *id.*, Count 4 (¶¶84-98) (avoidance of fraudulent conveyances pursuant to N.J.S.A. 25:2-25); *id.*, Count 5 (¶¶99-107) (avoidance of fraudulent conveyances pursuant to N.J.S.A. 25:2-27(a))

Case 18-50401-BLS    Doc 174    Filed 03/20/25    Page 6 of 7

Re: Stanziale v. Medi Biotech LLC, Adv. Proc. Nos. 18-50400 and 18-50401
March 20, 2025 – page 6

Under the Restatement's choice of law analysis, arguably any of the three states' laws could apply. *See In re Samson Res. Corp.*, No. 17-515524, at n.238 (holding that either the laws of the state where the defendant was headquartered or the laws of the state where the defendant was incorporated could control the claims); *see also Pennsylvania Employee Benefit Trust Fund v. Zeneca, Inc.*, 701 F. Supp. 2d. 458, 472 (D. Del. 2010) ([T]he location of one party's headquarters in a particular forum "stands, at best, in equipoise with the residence/place of business of the [the other party's].).

In applying the Restatement's choice of law analysis to Delaware, New Jersey, and Florida fraudulent transfer law, I find that Delaware or New Jersey law could control these transfers. But, even if those factors did not weigh in favor of finding that Delaware and New Jersey law applies, *Kravitz* also noted that if the laws of the various states whose law may apply do not vary, a court may apply the law of the forum state. *In re Samson Res. Corp.*, No. 17-51524 at n. 238; *see also Forman v. Gittleman (In re OpenPeak, Inc.)*, Nos. 16-28464 (SLM), 17-01755 (SLM), 2020 Bankr. LEXIS 3463, at *84-85 (Bankr. D.N.J. Dec. 10, 2020) ("[W]hen there is no real conflict between the choice of law, the Court may utilize the law of the forum state."). As was the case in *Kravitz*, there is no real conflict between the respective fraudulent transfer statutes of Florida, Delaware, and New Jersey. All three states have enacted the Uniform Fraudulent Transfer Act and there is no real conflict. The elements of claims for both actual and constructive fraudulent conveyance are essentially the same in each state. Accordingly, the laws of Delaware as the forum state control.

Finally, Braverman argues the Complaints failed to state a claim for unjust enrichment. Specifically, Braverman argues that, because the Trustee alleges the contract was illegal, there can be no claim for unjust enrichment. In support of its argument, Braverman cites two out-of-circuit cases: *Nursing Home Consultants, Inc. v. Quantum Health*, 926 F.2d 835, 844-47 (E.D. Ark. 1996), and *Hartman v. Harris*, 810 F. Supp. 82, 85 n.11 (S.D.N.Y. 1992).

The Trustee counters that the cases Braverman cites are distinguishable because in both *Nursing Home Consultants* and *Hartman*, the receiving party sought to recover the portion of a claim that was not paid, whereas in this case, the Trustee is seeking to recover excessive payments made to the defendant.

The Trustee also points out that both cases cited by Braverman were on motions for summary judgment, after discovery had been conducted to determine the culpability between the parties, rather than on motions to dismiss. No such determination of the knowledge or culpability of the Debtors has been made here. And, as the Trustee notes, courts permit the pleading of fraudulent transfer and unjust enrichment claims in the alternative. *See, e.g., In re FAH Liquidating Corp.*, 572 B.R. at 131; *Giuliano v. U.S. Nursing Corp. (In re Lexington Healthcare Grp., Inc.)*, 339 B.R. 750, 577 (Bankr. D. Del. Feb. 2, 2006) ("Alternative pleading is generally permitted when there is a doubt as to the existence of a contract, or the enforceability or meaning of the terms of a contract.").

Case 18-50401-BLS    Doc 174    Filed 03/20/25    Page 7 of 7

Re:  <u>Stanziale v. Medi Biotech LLC, Adv. Proc. Nos. 18-50400 and 18-50401</u>
March 20, 2025 – page 7

      I agree that it is inappropriate to dismiss at this stage in the litigation. *See Zazzali v. AFA Fin. Grp., LLC (In re DBSI, Inc.)*, 477 B.R. 504, 514 (Bankr. D. Del. 2012) ("Where is has not been determined that the contracts between Movants and Debtors are valid and enforceable, Trustee can plead a claim for unjust enrichment.")

      For these reasons, the Motions are denied. The parties should submit appropriate forms of order under certification of counsel.

      Sincerely,

      John T. Dorsey, United States Bankruptcy Judge